IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

APRILLE VANICK,
    Plaintiff,

vs.                                                              Case No.: 5:11cv184/RH/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court upon Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act ("EAJA"), filed by David E. Evans, Plaintiff's counsel (hereinafter "Petitioner") (doc. 25). Also before the court is the Commissioner's response in partial opposition to the motion (doc. 28) and a reply thereto (doc. 30).

       In short, Petitioner originally sought an award of EAJA fees in the total amount of $6,762.50, based on his expenditure of 45.90 hours of work on Plaintiff's behalf at an hourly rate of $125.00 ($5,737,50), and an expenditure of 20.50 hours of work on Plaintiff's behalf by a paralegal at an hourly rate of $50.00 ($1,025) (doc. 25). The Commissioner stated he had no objection to an award of EAJA fees, but he did have an objection to the amount of fees sought by Petitioner (doc. 28). In general, the Commissioner asserted that the time expenditures claimed were excessive, duplicative (i.e., Petitioner and his paralegal appeared to seek fees for the same work), and unnecessary or non-compensable (e.g., staff conferences, clerical tasks) (*id.*). The undersigned, noting that the Commissioner's objections appeared well founded, directed Petitioner to file a reply (but in the interim to negotiate further with the Commissioner in an attempt to reach an agreement on the fee award and, failing such agreement, to supplement his request for EAJA fees with more detailed time records, authorities, etc.) (*see* doc. 29). In his reply, Petitioner states he and the Commissioner's counsel have now agreed to a reduced fee award in the total amount of $4,000.00 (doc. 30).

    ●     <u>Eligibility for Award of Fees</u>

       The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized

justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In <u>Shalala v. Schaefer</u>, 509 U.S. 292, 299–303 (1993), the Supreme Court held that a Social Security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party" and as such was entitled to attorney fees and expenses under the EAJA. In the instant case, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* docs. 20, 23). Moreover, Plaintiff's application for fees was timely filed, the Commissioner's position was not substantially justified, and the Commissioner agrees that fees should be paid in this case. Accordingly, an award of fees is appropriate.

- <u>Amount of Fees</u>

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Petitioner originally sought compensation at the statutory hourly rate for work he performed and at a hourly rate of $50.00 for work performed by his paralegal. Petitioner does not indicate in his reply that the modified award he seeks is based on different rates; the court thus presumes his request is for fees is based upon permissible hourly rates (i.e., $125 and $50 for work performed by Petitioner and his paralegal, respectively). Likewise, Petitioner has not indicated the total number of hours he and his paralegal expended in his request for fees in the reduced amount of $4,000.00 (*see* doc. 30). However, because this is an amount agreed upon by the parties, and the award appears to be in line with like awards in this district, the undersigned concludes that the agreed-upon amount should be awarded and thus, correspondingly, that the time expended by Petitioner and/or his paralegal is reasonable. Accordingly, an award in the total amount of $4,000.00 is appropriate.

- <u>Whether Fee is Payable to Plaintiff or his Counsel</u>

The remaining question concerns to whom the EAJA award is payable. In <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal

and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney.  *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same).  The Court further held that because the EAJA award was "payable to the litigant," the government could offset the claimant's debt against that award.  Ratliff, 130 S. Ct. at 2528–29.  The award, therefore, is properly payable to Plaintiff.

Accordingly, it respectfully **RECOMMENDED** that Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (doc. 25) be **GRANTED** as follows:

1. Plaintiff, Aprille Vanick, shall recover fees in the amount of $4,000.00, for time expended by her counsel in representing her before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 ("EAJA").  The United States forthwith shall issue a check payable directly to Ms. Vanick.  The fee award is subject to an offset to satisfy any qualifying, outstanding debt that Plaintiff may owe to the United States.

2. If Plaintiff receives all or any portion of the EAJA fee award, it shall be mailed to her in care of her attorney, David E. Evans, at 108 West 4th St., Panama City, Florida  32401.

At Pensacola, Florida, this 11th of October 2012.

/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:11cv184/RH/EMT